## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BELANTINA VENARI,**

                                                   **Case Number:**

    **Plaintiff,**

**v.**

**DESIGNS & PERMIT DRAWING LTD. CO.,**
**D/B/A ARC DESIGN.**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.    Plaintiff, Belantina Vernari, by and through her undersigned counsel, hereby brings this action for unpaid minimum wages and unpaid overtime wages against Defendant, Designs & Permit Drawing Ltd. Co, d/b/a Arc Design pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Additionally, Plaintiff brings this action for unpaid wages against Defendant pursuant to Chapter 448.08 of the Florida Statutes. In support of her Complaint, Plaintiff states as follows:

Parties

2.    Plaintiff is an immigrant from Albania and currently undergoing the citizenship process.

3.    Plaintiff was employed by Defendant as residential designer.

4.     Defendant is an architectural design firm.

5.     Plaintiff was employed by Defendant from May 28, 2018, until August 5, 2019.

Jurisdiction

6.     Defendant is an architectural design firm and provides commercial and residential design services to its customers in Pinellas County, Florida.

7.     Defendant employed Plaintiff as a residential designer in Pinellas County, Florida.

8.     At all times during her employment, Plaintiff was employed by Defendant as a non-exempt employee in Pinellas County, Florida.

9.     All events giving rise to this action occurred in Pinellas County, Florida.

Facts

10.     Plaintiff was employed by Defendant as a residential designer.

11.     Prior to being employed by Defendant, Plaintiff was required to interview with Defendant and present Defendant with her resume.

12.     After interviewing Plaintiff, Defendant assigned Plaintiff a post interview project to complete at home and to present to Defendant for review and examination.

13.     After reviewing Plaintiff's post interview project, Defendant hired Plaintiff and agreed to pay Plaintiff $30.50 per hour.

14.     However, during Plaintiff's employment with Defendant, Plaintiff never received any paychecks from Defendant.

15.     At all times during Plaintiff's employment, Plaintiff was a non-exempt employee to be paid on an hourly basis and not subject to any overtime exemptions or exceptions.

16.     At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Pinellas County, Florida.

17.     During the entirety of her employment, Plaintiff worked at least 45 hours per week.

18.     Plaintiff was not paid at least the minimum wage for all hours worked for Defendant during her employment.

19.     Plaintiff was not paid overtime wages for any of the hours she worked beyond 40 in a single workweek while employed by Defendant.

20.     In fact, Defendant did not pay or compensate Plaintiff in any way for the time she spent working for Defendant.

21.     Defendant received a significant benefit from Plaintiff's work and provision of services to Defendant and on Defendant's behalf.

22.    Defendant engaged in an illegal policy of suffering and permitting Plaintiff to work 45 or more hours in each workweek of her employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

23.    Specifically, Defendant took advantage of Plaintiff's immigrant status and preyed upon Plaintiff's perceived weakness by extracting work from Plaintiff without pay under the belief that Plaintiff's "inferior "status would prevent her from taking legal action.

24.    Essentially, Defendant engaged in involuntary servitude of an immigrant. Such actions have a deep, dark history in America.

25.    Defendant did not record all of the time worked by Plaintiff during her employment, which is a direct violation of 29 C.F.R. § 516.

26.    Defendant failed to pay Plaintiff at least minimum wages for all hours worked by Plaintiff during her employment with Defendant.

27.    Defendant failed to pay Plaintiff at one-and-one-half-times her regular rate for all hours worked beyond 40 in a single workweek.

28.    Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

29.     Plaintiff often performed work for Defendant at a rate well below the appropriate minimum wage because Plaintiff worked after hours in full-view of Defendant's management.

30.     Plaintiff often performed work for Defendant at a rate well below the appropriate overtime wage because Plaintiff worked after hours in full-view of Defendant's management

31.     As of this date, Plaintiff still has not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FLSA.

32.     Plaintiff seeks full compensation, including unpaid minimum wages, unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times her regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

33.     Defendant is a for profit corporation that operates and conducts business in, among others, Pinellas County Florida, and is therefore, within the jurisdiction of the Court.

34.     Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d).  Plaintiff performed duties and responsibilities that involved aviation industry and required Plaintiff to regularly

communicate with out-of-state vendors and suppliers. Defendant was also required to accept payments from customers using credit cards and debit cards and communicating with out-of-state banks. Finally, Plaintiff was regularly involved communicating with clients located outside the state of Florida.

35.    This action is brought under the FLSA and Chapter 448, Florida Statutes, to recover from Defendant, unpaid wages in the form of unpaid minimum wages, promised wages, overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

36.    The Court has jurisdiction over Plaintiff's claims as material events transpired in Pinellas County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

37.    At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).  Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the architectural industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials

and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

38.     At all material times relevant to this action, Plaintiff in her capacity as a designer, and was individually covered by the FLSA. The very essence of Plaintiffs' employment, using the internet to communicate with foreign vendors, clients, and suppliers, is so closely related to interstate commerce that Plaintiff's relationship to interstate commerce cannot be separated.

39.     Indeed, Plaintiff was regularly required to communicate with out-of-state vendors and suppliers, out-of-state vendors, received mail from out-of-state, and communicated with other entities via internet, electronic mail, and telephonic communications.

40.      Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

41.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during her employment.

42.     Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that

might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of her employment.

43.     However, Plaintiff alleges that she routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

44.     Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's true hours of work.

45.     Plaintiff has been financially damaged by Defendant's failure to properly compensate Plaintiff for all hours worked.

## COUNT I – RECOVERY OF UNPAID WAGES

46.     Plaintiff reincorporates and readopts all allegations contained in Paragraphs 1-45, above.

47.     Plaintiff was employed by Defendants in Pinellas County, Florida.

48.     Plaintiff was entitled to be paid $30.50 per hour during her employment with Defendant.

49.     Defendant engaged in an illegal policy of not paying Plaintiff her wages during her employment, thereby depriving Plaintiff of earned wages.

50.     As a result of Defendant's violation of Chapter 448, Florida Statutes, Plaintiff is entitled to payment of the unpaid wages, liquidated damages, attorney's fees, and costs.

## COUNT II – RECOVERY OF UNPAID MINIMUM WAGES

51.      Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-45, above.

52.     Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

53.     Plaintiff was entitled to receive at least minimum wages for all hours by Plaintiff for Defendant.

54.     Plaintiff worked at least 45 hours per week, on average, during her employment with Defendant.

55.     Defendant engaged in an illegal policy of not paying Plaintiff minimum wages for all hours worked by Plaintiff for Defendant.

56.     Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff minimum wages for all hours worked by Plaintiff for Defendant.

57.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid minimum wages, liquidated damages, attorney's fees, and costs.

## COUNT III – RECOVERY OF OVERTIME WAGES

58.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-45, above.

59.    Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

60.    Plaintiff was entitled to receive one-and-one-half times her regular rate for all hours worked beyond 40 in a single work week.

61.    Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

62.    Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

63.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

64.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid wages, unpaid minimum wages, unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 12TH day of July, 2021.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com