```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

BELANTINA VENARI,

      Plaintiff,

v.                                Case No. 8:21-cv-1672-VMC-SPF

DESIGNS & PERMIT DRAWING,
LTD. CO., d/b/a
ARC DESIGN,

      Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion to Approve Settlement Agreement and Dismiss the Case with Prejudice (Doc. # 38), filed on February 1, 2022. The Court grants the Motion.

**I.  Background**

Plaintiff Belantina Venari filed this case against Defendant Designs & Permit Drawing Ltd., Co. ("Arc Design") on July 12, 2021, alleging violations of the minimum-wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). (Doc. # 1). On September 14, 2021, Arc Design filed its answer. (Doc. # 16). The case proceeded through Court-ordered discovery, and the parties participated in a mediation conference on November 2, 2021, that was unsuccessful. (Doc.

# 27). The parties filed the instant Motion on February 1, 2022. (Doc. # 38).

## II. Analysis

Venari alleges that Arc Design violated the minimum-wage and overtime provisions of the FLSA. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Venari will receive $14,500 in total, which consists of $7,250 in settlement of her claims for alleged back wages and $7,250 in liquidated damages. (Doc. # 38 at 2; Doc. # 38-1 at 2). It has also been agreed that Venari's counsel will receive $5,500 in attorney's fees and costs. (Id.).

In the Motion, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Venari for alleged FLSA violations. (Doc. # 38 at 3).

The parties have reached this settlement because, although they disagree over the merits of Venari's claims, including whether Venari ever worked as an employee of Arc Design, they mutually wish to avoid the costs and distraction of continued litigation. (Id.). Venari also desires to settle

this action because the proposed settlement agreement "guarantees [she] will receive a monetary settlement nearly immediately, instead of hoping for a possible judgment at an unknown future date." (Id.).

Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

Finally, to the extent the parties ask this Court to retain jurisdiction until the proposed 75-day payment plan is completed, the Court refuses to do so. Any breach of an

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

executed settlement agreement can be pursued in a separate breach of contract action.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The parties' Joint Motion to Approve Settlement Agreement and Dismiss the Case with Prejudice (Doc. # 38) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of February, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4